[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12734
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00054-CG-B-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS JASON STRICKLAND,
a.k.a. J-Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 18, 2015)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Thomas Jason Strickland pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The plea agreement contained a cooperation provision to be applied under U.S.S.G. § 5K1.1, Substantial Assistance to Authorities, and/or Federal Rule of Criminal Procedure 35(b), Reducing a Sentence for Substantial Assistance.[1]  Doc. 108 at 6-11.  Paragraph 21, subsection g. of the agreement states that "[i]f the defendant's efforts to cooperate with the United States does not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend that the defendant receive a sentence at the low end of the advisory guideline range."  Doc. 108 at 9.

At sentencing, the District Court determined that the applicable sentence range under the Sentencing Guidelines called for a prison sentence of 100 to 125 months based on a total offense level of 27 and a criminal history category of IV. The minimum prison term the court could impose, however, was 120 months, *see* 21 U.S.C. § 841(b)(1)(A)(viii), because the conspiracy offense involved "at least 50 grams of methamphetamine." *Id.* at 14.  Therefore, under U.S.S.G. § 5G1.1, the Guidelines sentence range became 120-125 months.[2]  The Government, pursuant to paragraph 21, g. of the plea agreement, recommended a sentence at the low end

---

[1] Rule 35(b) is inapplicable here.  It authorizes the Government to move for a reduction of a sentence *after* its imposition.

[2] U.S.S.G. § 5G1.1(c) states, in pertinent part: "[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . (2) is not less than any statutorily required minimum sentence.

2

of the range, 120 months.  Strickland argued that under the plea agreement, the Government had to recommend a sentence of 100 months.  The District Court disagreed and sentenced Strickland to a prison term of 120 months.

Strickland appeals his sentence, arguing that the Government breached the plea agreement by recommending a sentence of 120 months.  We disagree.

U.S.S.G. § 5K1.1 allows the Government to move the District Court to depart from the Guidelines sentence range.  Had the Government recommended a sentence of 100 months, the court could not have imposed it due to the statutory mandatory minimum of 120 months.[3]

AFFIRMED.

---

[3]  18 U.S.C. § 3553(e) authorizes the Government to move the district court to impose a sentence below the statutory minimum.  Strickland's plea agreement did not call for the Government to file such a motion.  In essence, Strickland wrongly contends that the Government should have filed a § 3553(e) motion.